IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DANIELLE NICOLE NIXON,** § | | |
|     **PLAINTIFF** § | | |
| **V.** § | **CIVIL ACTION NO. _____** | |
| § | | |
| **HOUSTON INDEPENDENT** § | | |
| **SCHOOL DISTRICT,** § | | |
|     **DEFENDANT** § | | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff DANIELLE NICOLE NIXON ("Danielle") to hereby file her "Plaintiff's Original Complaint" ("Complaint") and in support Danielle would show this Honorable Court the following.

### PREAMBLE

### *EXPERIENCED AND WONDERFUL TEACHER IGNORED BECAUSE SHE IS BLACK*

*Plaintiff was a teacher with Defendant Houston Independent School District. Notwithstanding Plaintiff's stellar reputation and years of experience, Defendant pursued a deliberate path of harassment because of Danielle's gender, and ethnicity, as well as retaliation of Plaintiff, that resulted in Plaintiff being forced to exit her workplace for Plaintiff. Following a well-planned and implemented path to force Plaintiff to resign, Defendant Houston Independent School District merely threw Plaintiff into the garbage, violating her family leave rights as well. Left with no recourse, Plaintiff seeks redress of this Court for damages.*

## A. NATURE OF SUIT

1. Plaintiff Danielle has been the victim of systematic and ongoing discrimination in Danielle's workplace based on Danielle's ethnicity and gender, as well as in retaliation for or in an effort to suppress Danielle's exercise of Danielle's rights under the Family Leave Act due to her child's disabilities, and, in retaliation for or in an effort to suppress Danielle's exercise of Danielle's rights under the First Amendment of the United States Constitution. These acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves. Plaintiff Danielle attempted many times to have Defendant HISD (hereafter defined) stop the discrimination, but Defendant failed and refused to do so. As further retaliation, Defendant HISD forced Plaintiff Danielle to leave Danielle's employment with Defendant in violation of her FMLA (defined hereafter) rights. Having seen that any further attempt to seek administrative redress would be pointless because of Defendant HISD's clear bias against Plaintiff Danielle, Danielle exercised her right to file a complaint with the United States Equal Employment Opportunity Commission (the "EEOC") and now seeks judicial redress in accordance various statutory remedies available to Danielle.

2. Plaintiff Danielle now files this original action for damages and equitable relief pursuant to:

- (a) 42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

- (b) 42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343;

- (c) 29 U.S.C. §§2601 *et seq.*, being the Family and Medical Leave Act; and

- (d) 42 U.S.C. § 1983 with regards to:

    - (i) Defendant's violations of the laws of the United States;

    - (ii) Defendant's denial (under the color of law) of Plaintiff Danielle's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

    - (iii) Defendant's denial (under the color of law) of Plaintiff Danielle's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

## B. PARTIES

3. Plaintiff Danielle is a female individual of African-American heritage who resides in the State of Texas. She has dedicated her life to the education of children and to assisting families who need education.

4. Defendant Houston Independent School District ("HISD") is a public school district formed under the laws of the State of Texas, operates under the authority of the State of Texas and the United States Department of Education, and may be served with summons upon its interim-superintendent as follows:

**HOUSTON IN DEPENDENT SCHOOL DISTRICT**
**ATTN: GRENITA LATHAN, INTERIM SUPERINTENDENT**
**4400 WEST 18TH STREET**
**HOUSTON, TEXAS 77092-8501**

### C. JURISDICTION and VENUE

5. The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

   (a) 42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VI");

   (b) 42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343 ("Title VII");

   (c) 29 U.S.C. §§2601 *et seq.*, being the Family and Medical Leave Act ("FMLA"); and

   (d) 42 U.S.C. § 1983 ("Section 1983") with regards to:

   (i) Defendant's violations of the laws of the United States;

   (ii) Defendant's denial (under the color of law) of Plaintiff Danielle's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

  (iii) Defendant's denial (under the color of law) of Plaintiff Danielle's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

6. Venue is proper in the Southern District of Texas (Houston Division) because Defendant HISD operates its schools in, and from, Houston and Harris County, Texas, which is also where the underlying events occurred. Houston and Harris County are within the Southern District of Texas.

### D. FACTUAL BACKGROUND

#### *WHO IS DANIELLE?*

7. Plaintiff Danielle is a female of American-American heritage.

8. Plaintiff Danielle has been an education employee in the State of Texas for many years. For some of those years, Danielle was an employee of Defendant HISD providing special education to the students of HISD.

9. Plaintiff Danielle performed the above described work for Defendant HISD under a written agreement with HISD. ("Contract").

#### *WHO IS HISD?*

10. As stated, Defendant HISD is a public school district formed under the laws of the State of Texas and operates under the authority of the State of Texas and the United States Department of Education.

11. As part of its funding, Defendant HISD receives grants and other funds from the United States government that are used for the primary objective of providing for the employment of educators for students in Harris County, Texas, such as Plaintiff Danielle.

12. Through the direct use of such funding from the United States, or, through the general co-mingling of such funds into the revenue stream of Defendant HISD, Defendant HISD compensated Plaintiff Danielle through the Contract between Defendant HISD and Danielle employing Danielle.

13. Plaintiff Danielle is the mother of a child with an Autism Spectrum Disorder ("Disability").

14. Defendant HISD was well aware of the Disability of Plaintiff Danielle's child and well aware that such Disability created disruptions in Danielle's work schedule.

### *Defendant HISD's Wrongful Actions towards Danielle.*

15. In August 2018, Plaintiff Danielle was called to a meeting with one of her HISD supervisors, being L. Shannon Verrett. Mr. Verrett informed Danielle that a new position was being created which he knew Danielle was qualified for and which Danielle would enjoy. Specifically, the position was described as an additional senior management position ("Promotion") within the special education department of Defendant HISD.

16. Mr. Verrett went on to inform Plaintiff Danielle that (paraphrasing):

    (a) Mr. Verrett will not be considering Plaintiff Danielle for the Promotion:

    (b) Mr. Verrett will only be hiring a white male, a white woman, or an Hispanic man, or an Hispanic woman;

    (c) Because Plaintiff Danielle is a black woman, Mr. Verrett notes that Danielle will not meet any of his stated hiring criteria; and

    (d) the foregoing criteria is appropriate because there are simply "too many black women already in leadership positions with the HISD special education department."

17. Several days later, Plaintiff Danielle learned that the Promotion had formally been posted, and Danielle applied for the Promotion.

18. Thereafter, Plaintiff Danielle learned that only one candidate (not Danielle) was actually considered for the Promotion.

19. After the Promotion was given to someone else, various administrators at HISD started to chastise and ridicule Plaintiff Danielle for making public expressions of dissatisfaction over not being considered for the Promotion due to Danielle's race.

20. In retaliation for Plaintiff Danielle's expression of her dissatisfaction over the discriminatory hiring practices for the Promotion, Defendant HISD turned on and targeted Danielle.

21. Although Plaintiff Danielle had been approved for FMLA interruptions in Danielle's work schedule due to her child's Disability, HISD starts writing Danielle up and harassing Danielle for such interruptions.

22. Plaintiff Danielle is then pressured to apply for other positions with Defendant HISD which would actually pay less than what Danielle was being paid.

23. Because of Defendant HISD's violations of Danielle FMLA rights and because the level of toxicity within her workplace because too extreme, Danielle was forced to resign From HISD in November 2018, resulting in a constructive termination.

### *Danielle's Quest for Justice*

24. Notwithstanding protections afforded Plaintiff Danielle by Title VI, the FMLA, and Section 1983, Danielle also filed a complaint with the Texas Workforce Commission Civil Rights Division, being an investigative provider for the United States Department of Justice, Civil Rights Division, Equal Employment Opportunity Commission, previously referenced herein as the EEOC.

25. The EEOC subsequently issued its letter (on February 14, 2020) granting Plaintiff Danielle the right to pursue Danielle's Claims for relief under Title VII.

### *Defendant HISD's "Municipal Liability"*

26. Defendant HISD committed, and allowed the commission of, the misconduct described in this complaint intentionally, with actual malice, reckless disregard, and intentional indifference toward Plaintiff Danielle.

27. Texas law deems Danielle's Contract to create a property interest that Danielle holds.

28. Defendant HISD committed, and allowed the commission, of the targeted discrimination against Danielle and implemented it under color of law. The HISD personnel who committed the misconduct complained of did so as agents and representatives of HISD and were implementing HISD's policies, practices, and procedures when they acted against Danielle.

29. If Defendant's HISD's policies, practices, and procedures were not in written form, HISD and its agents implemented them in accord with the customs and practices of HISD's policy makers.

30. Defendant HISD's personnel who acted against Plaintiff Danielle did so while performing their assigned HISD duties, as prescribed by HISD's superintendent and/or its Board (being the ultimate policymaker of Defendant HISD.

31. Defendant HISD's discriminations towards Plaintiff Danielle represents actions of complete and deliberate indifference to Danielle, and, made it necessary for Danielle to retain legal counsel and to file this lawsuit to seek redress such discrimination.

### *Harm to Plaintiff Danielle*

32. As referenced, Defendant HISD's discrimination against Plaintiff Danielle caused Danielle to suffer physical and economic harm, including without limitation lost pay, and medical expenses. Danielle also suffered extreme emotional harm as a result of the referenced discriminatory actions of Defendant HISD.

33. Plaintiff Danielle has met all conditions precedent to bring these claims before this Honorable Court.

### E. CAUSES OF ACTION

34. The foregoing factual allegations contained in the foregoing Section D: Factual Background are incorporated into this Section E by reference for all purposes.

### COUNT ONE: VIOLATION OF TITLE VI

35. Title VI provides in relevant part that: "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2020.05.14                                                                                                                                                          10

36. Because Defendant HISD (1) does receive federal financial assistance, the primary objective of which is to provide employment, and (2) applied such funding to the discriminatory programs or activities as described herein, which were clearly intentionally directed at Plaintiff Danielle because of Danielle's race, Defendant HISD has violated Title VI.

37. Defendant HISD's acts and omissions against Plaintiff Danielle in violation of Title VI have caused Plaintiff Danielle to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Danielle now sues in accord with Title VI.

38. Defendant HISD's acts and omissions against Plaintiff Danielle in violation of Title VI have caused Plaintiff Danielle to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Danielle now sues in accord with Title VI.

## COUNT TWO: VIOLATION OF TITLE VII

39. Defendant HISD committed certain of its misconduct toward Plaintiff Danielle because Danielle is an African-American female who exercised her rights to protest the toxic work environment created, and allowed by, Defendant HISD.

40. Defendant HISD also committed certain of its misconduct toward Plaintiff Danielle in retaliation for Plaintiff Danielle's expression of her dissatisfaction as the treatment of her and the need for FMLA leave due to her child's Disability.

41. Defendant HISD's retaliatory acts contributed to and aggravated the hostile workplace environment of Plaintiff Danielle's place of employment.

42. Defendant HISD's acts and omissions against Plaintiff Danielle in violation of Title VII have caused Plaintiff Danielle to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Danielle now sues in accord with Title VII.

43. Defendant HISD's acts and omissions against Plaintiff Danielle n violation of Title VII have caused Plaintiff Danielle to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Danielle now sues in accord with Title VII.

## COUNT THREE: VIOLATION OF THE FMLA

44. Defendant HISD's acts and omissions of Plaintiff Danielle denied Plaintiff Danielle the protections of Danielle's employment, including without limitation paid medical leave as required by the FMLA.

45. Defendant HISD's refusal to do so is a violation of the FMLA.

46. Defendant HISD's acts and omissions against Plaintiff Danielle in violation of the FMLA have caused Plaintiff Danielle to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Danielle now sues in accord with the FMLA.

47. Defendant HISD's acts and omissions against Plaintiff Danielle in violation of the FMLA have caused Plaintiff Danielle to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Danielle now sues in accord with the FMLA.

## COUNT FOUR: VIOLATION OF SECTION 1983

48. 42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

49. Defendant HISD's acts and omissions in violation of Title VI, Title VII, and the FMLA also violate Section 1983 because HISD committed those acts and

PLAINTIFF'S ORIGINAL COMPLAINT

Glaw 2020.05.14                                                                 13

omissions under color of law, through designated persons of authority implementing their HISD-assigned duties and responsibilities.

50. Further, the Fourteenth Amendment to the United States Constitution grants Danielle the right to procedural and substantive due process and to equal protection under the law.

51. Also, the First Amendment to the United States Constitution grants Plaintiff Danielle the right to express complaints and concern for other's rights with Defendant HISD both orally and in writing. The First Amendment also grants Danielle the right to assemble peaceably, which HISD denied Danielle.

52. Defendant HISD's acts and omissions were intentional, arbitrary, and capricious, resulting in violation of Plaintiff Danielle's procedural and substantive due process and to equal protection under the law.

53. Defendant HISD's acts and omissions against Plaintiff Danielle in violation of Section 1983 have caused Plaintiff Danielle to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Danielle now sues in accord with Section 1983.

54. Defendant HISD's acts and omissions against Plaintiff Danielle in violation of Section 1983 have caused Plaintiff Danielle to suffer mental and emotional distress and damages, including all actual, consequential, continuing,

and future compensatory damages, for which Plaintiff Danielle now sues in accord with Section 1983.

## COUNT FIVE: EXEMPLARY AND/OR LIQUIDATED DAMAGES

55. Various of the statutes that Defendant HISD's misconduct violated permit the recovery of exemplary and/or liquidated damages. HISD's misconduct entitles Plaintiff Danielle to recover exemplary and/or liquidated damages from HISD in an amount sufficient to punish HISD for its misconduct and to deter similar misconduct in the future.

## COUNT SIX: ATTORNEY'S FEES

56. Various of the statutes that Defendant HISD's misconduct violated permit the recovery of reasonable and necessary attorney's fees. HISD's misconduct entitles Plaintiff Danielle to recover from HISD Danielle's reasonable and necessary attorney's fees.

## COUNT SEVEN: INTEREST AND COSTS OF COURT

57. Various of the statutes that Defendant HISD's misconduct violated permit the recovery of prejudgment interest.

58. Plaintiff Danielle is entitled to recover from Defendant HISD both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

59. Plaintiff Danielle is further entitled to recover from Defendant HISD Danielle's costs of court.

### F. JURY TRIAL

60. Plaintiff Danielle hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Danielle Nicole Nixon respectfully prays that upon final trial of this matter Danielle recover a judgment against Defendant HISD for:

- Plaintiff's actual and consequential damages;
- Exemplary damages in the manner requested above;
- Plaintiff's reasonable and necessary attorney's fees;
- Prejudgment and post judgment interest, as applicable;
- Plaintiff's costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiff may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

_____
Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF
DANIELLE NICOLLE NIXON**

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2020.05.14                                                                                      16