# EXHIBIT 1

| | |
|---|---|
| **From:** | Thomson, Rachael <rthomson@spencerfane.com> |
| **Sent:** | Friday, April 2, 2021 8:20 PM |
| **To:** | alfonso.kennard@kennardlaw.com |
| **Cc:** | cristabel.jimenez@kennardlaw.com; White, Ruthie |
| **Subject:** | Danielle Nicole Nixon v. HISD |
| **Attachments:** | Danielle Nicole Nixon v. Houston Independent School District; Case No. 4:20-cv-01699; 2021.04.02 White to Kennard encl Written Discovery.pdf |

Mr. Kennard,

See attached letter. We represent the Defendant Houston Independent School District in the lawsuit filed by your client Danielle Nicole Nixon. I am also attaching Defendant's Requests for Production and Defendant's Requests for Interrogatories produced to Ms. Nixon's previous counsel. Unfortunately, Ms. Nixon's previous counsel did not respond to our discovery requests. Please advise when we will receive responses to the attached written discovery on or before Tuesday, **April 6, 2021.**

Additionally, we would like to move forward with deposing Ms. Nixon the week of May 4-7. Please let us know whether your client is available.

Lastly, we have another case set before Judge Hittner on the same docket as this lawsuit. That being said, please let us know whether your client is amenable to join in on a 90-day extension of deadlines in this case.

Thank you,

**Rachael I. Thomson**  Attorney
Spencer Fane LLP

3040 Post Oak Boulevard, Suite 1300 | Houston, TX 77056
**O** 713.212.2628   **M** 502.432.8492
rthomson@spencerfane.com | spencerfane.com



RUTHIE WHITE
DIRECT DIAL: 713-212-2626
rwhite@spencerfane.com

File No. 5035206-0004

April 2, 2021

***VIA EMAIL***
Alfonso Kennard
Kennard Law
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Email: filings@kennardlaw.com

> **Re: Case No. 4:20-cv-01699; Danielle Nicole Nixon v. Houston Independent School District; In the United States District Court for the Southern District of Texas, Houston Division**

Dear Mr. Kennard:

We represent the Defendant Houston Independent School District in the lawsuit filed by your client Danielle Nicole Nixon. I am also attaching Defendant's Requests for Production and Defendant's Requests for Interrogatories produced to Ms. Nixon's previous counsel. Unfortunately, Ms. Nixon's previous counsel did not respond to our discovery requests. Please advise when we will receive responses to the attached written discovery on or before Tuesday, April 6, 2021.

Additionally, we would like to move forward with deposing Ms. Nixon the week of May 4-7. Please let us know whether your client is available.

Lastly, Defense counsel has another case set before Judge Hittner on the same docket as this lawsuit. That being said, please let us know whether your client is amenable to join in on a 90-day extension of deadlines in this case.

Should you have any questions or would like to discuss further, please call.

Sincerely,

Ruthie N. White

RNW/tv

CC: Ruthie N. White        *Via Email:* rwhite@spencerfane.com

| From: | Leslie Galeas <leslie.galeas@kennardlaw.com> |
|---|---|
| Sent: | Friday, April 30, 2021 4:37 PM |
| To: | Thomson, Rachael <rthomson@spencerfane.com>; White, Ruthie <rwhite@spencerfane.com> |
| Cc: | Cristabel Jimenez <cristabel.jimenez@kennardlaw.com>; Matthew Miller <Matthew.Miller@kennardlaw.com>; Alfonso Kennard <alfonso.kennard@kennardlaw.com> |
| Subject: | [EXTERNAL] Danielle Nicole Nixon v. HISD |
| Attachments: | Plaintiff's Responses to Defendant's 1st RFP 04.30.21.pdf; Plaintiff's Answers to Defendant's 1st Set of ROGS 04.30.21.pdf; Defendant's 1st ROGs to Plaintiff Nixon Verification – Signed.pdf; NIXON 0001-0209 |

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Good afternoon Counsel,

We hope this email finds you well. Kindly allow this email to serve the following:

- Plaintiff's Responses to Defendant's First Request for Production.
- Plaintiff's Responses to Defendant's First Request for Interrogatories.
- Bates Nixon 0001 – 0209.
- Plaintiff's Signed Verification.

In addition, due to the size of the file we have sent Bates Nixon – 0012 via mail with tracking number 9415511899560741783603.

Please advise should your office require any additional information or unable to open the attached.

Regards,

## Leslie Galeas
Case Manager



**Kennard Law, P.C.**
5120 Woodway Dr. | Suite 10010 | Houston, Texas 77056
**Direct 346.980.8202**
**Office 713.742.0900**
**Fax 832.558.9412**
**Toll Free** 855.KENNLAW

leslie.galeas@kennardlaw.com

**Website** / **Map**
HOUSTON ∕ SAN ANTONIO ∕ AUSTIN ∕ EL PASO ∕ RIO GRANDE VALLEY ∕ SOUTHERN CALIFORNIA ∕ WASHINGTON D.C.



I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this E-mail is legally privileged and confidential information which is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DANIELLE NICOLE NIXON,** | § § § | |
| **PLAINTIFF** | § § | CIVIL ACTION NO. 4:20-cv-01699 |
| v. | § § | |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT,** | § § § § | |
| **DEFENDANT.** | § | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST REQUESTS FOR PRODUCTION

TO: **Defendant Houston Independent School District**, by and through her counsel of record, Ruthie N. White, DeAndrea C. Washington, and Rachel Thomson, SPENCER FANE, LLP, 3040 Post Oak Blvd., Suite 1300, Houston, Texas 77056.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Danielle Nicole Nixon ("Plaintiff" or "Nixon") submits these answers to Defendant's First Requests for Production as follows.

.

ATTORNEY-IN-CHARGE
FOR PLAINTIFF



*/s/ Alfonso Kennard Jr.*
Alfonso Kennard Jr.
Texas Bar No. 24036888
alfonso.kennard@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(832) 558-9412 (facsimile)

**OF COUNSEL:**
Cristabel Jimenez
Cristabel.jimenez@kennardlaw.com
Texas Bar No. 94096165
S.D. ID 3644269
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Tel: (713) 742-0900
Fax: (832) 558-9412

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Plaintiff's Answers to Defendant's First Set of Interrogatories were served via E-mail to the following counsel of record on this 30th day of April 2021.

*Via E-Mail*
Ruthie Nelson White
rwhite@spencerfane.com
Rachael Thomson
rthomson@spencerfane.com
Spencer Fane, LLP
3040 Post Oak Blvd., Ste. 1300
Houston, TX 77056
Telephone: 713.552.1234
Facsimile: 713.963.0859

_____
Alfonso Kennard, Jr.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1.** All documents that relate to, concern, or provide evidence to support Plaintiff's answers to Defendant's Interrogatories.

**RESPONSE: See recording of Dr. Verrett.**

**REQUEST NO. 2.** All documents, including, but not limited to, diaries, notes of daily activities, daily calendars, audio recordings, or similar documents, maintained by Plaintiff that relate to events that occurred during Plaintiff's employment with Defendant, the basis for this lawsuit, or Plaintiff's damages.

**RESPONSE: None.**

**REQUEST NO. 3.** All documents that relate to Plaintiff's employment with Defendant, including, but not limited to, employment agreements, compensation schedules, quota reports, memoranda, work records, training materials, training records, and/or handwritten notes, e-mails, or correspondence written by Plaintiff or by any agent or employee of Defendant regarding any issue or aspect of Plaintiff's employment with Defendant.

**RESPONSE: None. Information would be best provided by Defendant as Plaintiff is not in possession of any documentation.**

**REQUEST NO. 4.** All documents Plaintiff, or anyone acting on her behalf, sent to, received, obtained, took, and/or removed from Defendant or Defendant's premises at any time since the beginning of Plaintiff's employment with Defendant, including, but not limited to, procedure and/or policy manuals, employment applications, payroll checks, personnel action forms, memoranda, evaluations, bonus documents, or benefit statements.

**RESPONSE: None.**

**REQUEST NO. 5.** All documents that Plaintiff provided to or received from any individual relating to claims or complaints made by Plaintiff and/or any other person against or about Defendant.

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

**REQUEST NO. 6.** All photographs, moving pictures, films, DVDs, CDs, videotapes, and audio recordings that Plaintiff took or received while associated with Defendant that relate to her employment with Defendant or this lawsuit, or that show, depict, or contain conversations involving or relating to Defendant or any past or present employee, agent, or representative of Defendant (including those made or taken by others) or any past or present applicant to Defendant's pharmacy employment program.

**RESPONSE: See responsive audio recording of Dr. Verrett Bates NIXON 0001 – 0209.**

**REQUEST NO. 7.** All documents relating to the identity of any witnesses to, or any other person with knowledge of, any facts concerning the occurrence(s) made the basis of this suit, the events leading up to it, or Plaintiff's claimed damages.

**RESPONSE: None.**

**REQUEST NO. 8.** Copies of any written, oral, recorded, or any other kind of statement or communication of any person with relevant knowledge regarding this case, including, but not limited to, Defendant's current or former employees, agents, or representatives.

**RESPONSE: See responsive audio recording of Dr. Verrett Bates NIXON 0001 – 0209.**

**REQUEST NO. 9.** All correspondence or communications between you and any employer (including Defendant), prospective employer, current employer, healthcare professional or other person (other than your attorney) from January 2015 to present relating to any claims or defenses in this lawsuit.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence. Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:**

**See responsive screenshot of recruiter, email of recruiter her current employer Bates NIXON 0001 – 0209.**

**REQUEST NO. 10.** All documents that relate to, concern, or provide evidence regarding any attempt made by Plaintiff to obtain employment or other business relationship (such as ownership of a company, independent contractor, etc.) with anyone other than Defendant from November 2018 to present, including, but not limited to, all resumes or letters, including offer and rejection letters, applications, copies of classified advertisements, and communications of any kind between Plaintiff and prospective employers, search firms, headhunters, employment agencies or services, and/or placement agencies and services.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence. Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:**

**See responsive document screenshot, resume and offer letter Bates NIXON 0001 – 0209.**

**REQUEST NO. 11.** All documents which relate to, concern, or provide evidence of employment benefits available to you as a result of any employment from November 2018 to present, including but not limited to health insurance, dental insurance, life insurance, short or long term disability benefits, 401(k) plans, and related employer contributions.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence**.

**REQUEST NO. 12.** Plaintiff's current resume and each prior version that currently exists.

**RESPONSE: See responsive document resume of plaintiff Bates NIXON 0001 – 0209.**

**REQUEST NO. 13.** All documents reflecting any and all income, wages, and/or benefits received by Plaintiff from self-employment, consulting, contracting, or from any employers other than Defendant, from November 2018 to present, including, but not limited to, completed tax returns, payroll checks, check stubs, W-2, and/or wage and earning statements, unemployment compensation, public assistance payments, separation or severance pay, short or long-term disability benefits, benefit booklets and/or statements, bank deposit slips, and/or stock options and bonus statements.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence. Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:**

**See responsive documents Bates NIXON 0001 – 0209.**

**REQUEST NO. 14.** All documents Plaintiff provided to or received from the Equal Employment Opportunity Commission; the Texas Employment Commission; the Texas Workforce Commission; the Department of Labor; or any other governmental agency charged with the administration of laws relating to employment.

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

**REQUEST NO. 15.** From 2018 to present, Plaintiff's federal and state income tax returns (and attachments), Internal Revenue Service W-2 Forms and 1099 Forms, and any documents reflecting or evidencing income not reflected in the Internal Revenue Service Forms or other tax forms.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence.**

**REQUEST NO. 16.** All documents that relate to, concern, or provide evidence of any complaints, claims, charges, or lawsuits Plaintiff has made to, against, or concerning any employer for whom Plaintiff worked, including, but not limited to Defendant.

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

<u>REQUEST NO. 17.</u>   All documents indicating or relating to any lawsuit, including, but not limited to, civil, criminal, or bankruptcy, filed by Plaintiff in the last five (5) years.

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

<u>REQUEST NO. 18.</u>   All documents, if any, relating to Plaintiff's arrest(s), indictment(s), pleading(s) of *nolo contendere*, deferred adjudications, or conviction(s) for any reason.

**RESPONSE: None.**

<u>REQUEST NO. 19.</u>   All documents that relate to, reflect, or concern Plaintiff's FMLA leave.

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

<u>REQUEST NO. 20.</u>   All documents that relate to, concern, or provide evidence to support Plaintiff's allegations in paragraph 32 of the Complaint that "suffered extreme emotional harm as a result of the referenced discriminatory actions of Defendant HISD."

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

<u>REQUEST NO. 23</u>   All documents that relate to, concern, or provide evidence to support Plaintiff's allegations in paragraph 32 of the Complaint that "HISD's discrimination against Plaintiff caused Danielle to suffer physical and economic harm, including without limitation lost pay, and medical expenses."

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

<u>REQUEST NO. 24.</u>   All documents that relate to any attempt by Plaintiff to mitigate her alleged damages in this lawsuit by obtaining employment or otherwise.

**RESPONSE: Objection: 1) Not relevant or likely to lead to the discovery of any admissible evidence 2) Vague as to what "mitigate her alleged damages". Subject to and not withstanding the foregoing objections. Plaintiff responds as follows:**

**See responsive documents Bates NIXON 0001 – 0209.**

<u>REQUEST NO. 25.</u>   All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff was discriminated against based on race.

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

<u>REQUEST NO. 25.</u>   All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff was discriminated against based on gender.

**RESPONSE:** See responsive documents Bates NIXON 0001 – 0209.

**REQUEST NO. 25.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff was subjected to harassment based on race or gender.

**RESPONSE:** See responsive documents Bates NIXON 0001 – 0209.

**REQUEST NO. 25.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff was subjected to retaliation.

**RESPONSE:** See responsive documents Bates NIXON 0001 – 0209.

**REQUEST NO. 26.** All documents that relate to, concern, or provide evidence to support any complaints made by Plaintiff, during her employment with Defendant, regarding any discrimination, including on the basis of race or gender.

**RESPONSE:** See responsive documents Bates NIXON 0001 – 0209.

**REQUEST NO. 25.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Defendant violated 42 U.S.C. §1983 with respect to her employment Defendant.

**RESPONSE:** See responsive documents Bates NIXON 0001 – 0209.

**REQUEST NO. 25.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Defendant violated the Family and Medical Leave Act ("FMLA") with respect to her employment with Defendant.

**RESPONSE:** See responsive documents Bates NIXON 0001 – 0209.

**REQUEST NO. 27.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff is entitled to attorneys' fees.

**RESPONSE:** See responsive documents client agreement Bates NIXON 0001 – 0209.

**REQUEST NO. 28.** All documents that relate to any agreement for attorneys' fees between Plaintiff and Plaintiff's attorney and any other documents on which Plaintiff may rely in seeking an award of attorneys' fees, as alleged in the Complaint, including, but not limited to, attorney engagement letters, billing statements, and/or invoices.

**RESPONSE:** See responsive documents client agreement Bates NIXON 0001 – 0209.

**REQUEST NO. 29.** All documents that relate to, concern, or provide evidence to support Plaintiff's claim for any type of monetary damages set forth in the Complaint to which Plaintiff

claims to be entitled, including, but not limited to, any worksheets, statements, receipts, or other documents demonstrating the calculations or assumptions utilized by Plaintiff in establishing the amount to which Plaintiff contends she is entitled.

**RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

**REQUEST NO. 30.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff is entitled to lost wages, front pay, or back pay.

**RESPONSE: See responsive documents HISD Compensation Manual for annual increases for 2017-2019 Bates NIXON 0001 – 0209.**

**REQUEST NO. 31.** All documents Plaintiff, or anyone acting on her behalf, sent to, received, obtained, regarding Plaintiff's pension plan.

**RESPONSE: See responsive documents cobra plan Bates NIXON 0001 – 0209.**

**REQUEST NO. 32.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff is entitled to reimbursement for lost pension.

**RESPONSE: See responsive documents cobra plan Bates NIXON 0001 – 0209.**

**REQUEST NO. 33.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff is entitled to actual damages.

**RESPONSE: Please see all documents produced Bates NIXON 0001 – 0209.**

**REQUEST NO. 34.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff is entitled to liquidated damages.

**RESPONSE: Please see all documents produced Bates NIXON 0001 – 0209.**

**REQUEST NO. 35.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff is entitled to compensatory damages.

**RESPONSE: Please see all documents produced Bates NIXON 0001 – 0209.**

**REQUEST NO. 36.** All documents that relate to, concern, or provide evidence to support Plaintiff's contentions in the Complaint that Plaintiff is entitled to punitive damages.

**RESPONSE: Please see all documents produced Bates NIXON 0001 – 0209.**

**REQUEST NO. 37.** All documents that contradict or disprove Plaintiff's claims or damages as set forth in Plaintiff's Complaint against Defendant.

**RESPONSE: NONE.**

**REQUEST NO. 38.** All documents that relate to, concern, or provide evidence to support Plaintiff's contention that she was treated less favorably than other employees because of her race or gender.

**RESPONSE: See responsive documents recording of Dr. Verrett Bates NIXON 0001 – 0209.**

**REQUEST NO. 39.** All documents that relate to or concern any medical leave taken by Plaintiff that Plaintiff contends was the result of, or caused in any way, by any unlawful conduct by Defendant.

**RESPONSE: See responsive documents fmla docs Bates NIXON 0001 – 0209.**

**REQUEST NO. 40.** If Plaintiff is seeking damages for emotional pain or mental anguish, all documents that relate to or concern any medical treatment Plaintiff received since January 1, 2015, regardless of the reason or basis for the medical treatment.

**RESPONSE: See responsive documents talkspace Bates NIXON 0001 – 0209.**

**REQUEST NO. 41.** All documents that relate to, concern, or provide evidence to support Plaintiff's contention that she was constructively discharged.

**RESPONSE: See responsive documents email of resignation. Sept. 17 email from Rita Graves Bates Nixon 0001 – 0209.**

**REQUEST NO. 42.** All documents and tangible things that Plaintiff or anyone acting on her behalf has provided to any expert witness who is expected to be called as a witness at trial, or any expert witness used for consultation, but not expected to be called as a witness at trial, whose opinion, impressions, or work product have been reviewed by a testifying expert.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence. Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:**

**Plaintiff will comply with this Court's Scheduling Order, and the Federal Rules of Civil Procedure, in disclosing any experts and related documents.**

**REQUEST NO. 43.** All documents, including, but not limited to, written reports, factual observations, tests, supporting data, calculations, photographs, theories relied on, and/or opinions (and all documents which in any way relate or pertain thereto) of any expert that Plaintiff expects

to call as a witness at trial, or any expert whose opinions, impressions, or work product have been reviewed by a testifying expert.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence. Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:**

**Plaintiff will comply with this Court's Scheduling Order, and the Federal Rules of Civil Procedure, in disclosing any experts and related documents.**

**REQUEST NO. 44.** Any resumes or curriculum vitae prepared by or for any expert whom Plaintiff expects to call as a witness at trial, or any expert whose opinions, impressions, or work product have been reviewed by a testifying expert.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence. Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:**

**Plaintiff will comply with this Court's Scheduling Order, and the Federal Rules of Civil Procedure, in disclosing any experts and related documents.**

**REQUEST NO. 45.** All postings, pictures, messages, and other data from your Facebook archive or any other online social media account kept by you or on your behalf from January 1, 2013 through the time of trial.

Special Instructions for Facebook collection and production: Currently within Facebook under the Account>Account Settings Menu on the User's Facebook homepage, there is an option for "Download a copy of your Facebook date." Once the user selects "Start My Archive" and the archive is fully compiled, Facebook will send the user an e-mail containing a link to access the .zip file. When the user accesses the link contained in the e-mail, the user will be directed to Facebook and asked for the user's password. Submitting the password will prompt a download to a .zip file of the user's entire Facebook account, including wall posts, photos, videos, messaging, friend lists and other user profile content. Please produce a copy of the .zip file in electronic form. If any documents are withheld because they contain inherently sensitive information unrelated in any way to Plaintiff's claims in this matter, please identify such documents on an appropriate log.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence. Subject to and notwithstanding the foregoing objections, Plaintiff responds as follows:**

**No social media other than linked in and plaintiff does not post only has one email and it was from her recruiter.**

<u>REQUEST NO. 46.</u>  All documents that relate to, bear upon, or provide evidence regarding any internal complaints of discrimination, harassment or retaliation made by you during your employment with Defendant.

    **RESPONSE: See responsive documents Bates NIXON 0001 – 0209.**

<u>REQUEST NO. 47.</u>  Please provide a signed copy of the attached "Medical Records Authorization" form, attached as **Exhibit A**.

    **RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence 3) outside the scope of F.R.C.P. 26(b)(1).**

<u>REQUEST NO. 48.</u>  Please provide a signed copy of the attached "Psychotherapy Notes Authorization" form, attached as **Exhibit B**.

    **RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence 3) outside the scope of F.R.C.P. 26(b)(1)**.

<u>REQUEST NO. 49.</u>  Please provide a signed copy of the attached "Employment Records Authorization" form, attached as **Exhibit C**.

    **RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence 3) outside the scope of F.R.C.P. 26(b)(1).**

<u>REQUEST NO. 50.</u>  Please provide a signed copy of the attached "Authorization to Release Confidential Unemployment Insurance Records" form, attached as **Exhibit D**.

    **RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence 3) outside the scope of F.R.C.P. 26 (b)(1).**

<u>REQUEST NO. 51.</u>  Please provide a signed copy of the attached "Social Security Administration Records Authorization" form, attached as **Exhibit E**.

**RESPONSE: Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence 3) outside the scope of F.R.C.P. 26 (b)(1).**

**REQUEST NO. 52.** Please provide a completed and signed copy of the attached "Request for Copy of Tax Return" form attached as **Exhibit F**, authorizing the release of your tax information for the preceding five years.

**RESPONSE Objection: 1) Overly broad and unduly burdensome. 2) Not relevant or likely to lead to the discovery of any admissible evidence 3) outside the scope of F.R.C.P. 26 (b)(1).**