IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DANIELLE NICOLE NIXON,** | § § § | |
| PLAINTIFF | § § | CIVIL ACTION NO. |
| | § § | 4:20-cv-01699 |
| v. | § § | |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT,** | § § § § | |
| DEFENDANT. | § § | |

**PLAINTIFF DANNIELLE NICOLE NIXON'S
RESPONSE TO DEFENDANT'S OBJECTIONS AND MOTION
TO STRIKE CERTAIN SUMMARY JUDGMENT EVIDENCE**

Plaintiff Danielle Nixon respectfully responds to Defendant's Motion to Strike Certain Summary Judgment Evidence as follows.

## I. ARGUMENT AND AUTHORITIES

**A. Audio Recording and Transcript of Conversation between Plaintiff and Dr. Verrett Was Authenticated by Dr. Verrett During his Deposition.**

Defendant's claim that the audio recording and transcript Plaintiff submitted in response to Defendant's Motion for Summary Judgment has not been authenticated is false. The recording in its transcribed form was confirmed to have happened by Dr. Verrett during his deposition. [Dkt. 41-1]. During Dr. Verrett's deposition Plaintiff's counsel asked multiple times if Dr. Verrett recalled having the

conversation with Ms. Nixon, after some unresponsive answers and coaching by Defense counsel, Dr. Verrett finally admitted he did recall the conversation with Ms. Nixon. [Dkt. 41-1: pp.146:6 – 148:14]. According to the Federal Rules, testimony that an item is what it is claimed to be by witness with knowledge authenticates the evidence. Fed. R. Civ. P. 901(b)(1). Dr. Verrett being the participant in the conversation with Plaintiff would have the knowledge of this conversation and admitted he recalled having that and many other conversations with Ms. Nixon. Therefore, at the very least, the transcript is properly authenticated according to Federal Rules of Civil Procedure.

### B. Exhibits in Response to Defendant's Motion for Summary Judgment Have Been Supplemented In Accordance with F.R.C.P 26.

Plaintiff has supplemented production to include all Exhibits in her declaration as well as Exhibit C to Plaintiff's Response [Dkt. 37]. However, it should be noted that all of Ms. Nixon's declaration exhibits 4, 6, 7, 8, 9, and 10 were documents that Defendant had in its control or alternatively could have been obtained from Defendant in a more convenient, less burdensome, or expensive manner[1]. Plaintiff would argue that Defendant should have produced these documents in response to Plaintiff's discovery requests as they relate to communications regarding Plaintiff's employment with Defendant which begs the

---

[1] F.R.C.P 26(b)(2)(C)(i)

question, what other documents in their control has Defendant withheld from production.

The documents are offered in response to the misrepresentations Defendant stated in their Motion for Summary Judgment [Dkt. 32]. Ms. Nixon uses this evidence to show that Defendant's contentions are false. Had Defendant investigated Ms. Nixon's claims fully they would have easily uncovered the same emails as they were sent to and from HISD accounts and/or to and from HISD employees. Plaintiff would further argue that this conflict in substantial evidence creates a jury question regarding discrimination she faced from Defendant therefore Summary Judgment should not be granted.

### C. Plaintiff's Declaration Was in Response to Allegations Arising in Defendant's Motion for Summary Judgment and is Not Hearsay under F.R.C. P. 801(d).

Defendant's Motion [Dkt. 32] presented declarations from Rita Graves, Dr. Verrett, and Tonnis Hillard as to Ms. Nixon's employment with Defendant. Ms. Nixon presented in her Declarations [Dkt. 37-1 and 37-12] that the facts she provided are true. According to the Federal Rules of Civil Procedure, statements are NOT hearsay if the declarant testifies and is subject to cross-examination about a prior statement and the statement is consistent with the declarant's testimony and is offered: to rebut an express or implied charge that the declarant recently fabricated

it[2]. Defendant contends in their Motion for Summary Judgment [Dkt. 32] that Ms. Nixon's deposition contradicts her claims of discrimination. Ms. Nixon's declaration is in response to Defendant's MSJ allegations. Nixon has personal knowledge of what she was told by Dr. Verrett, Ms. Hall, Ms. Hurta, Mr. Wheeler, Ms. Graves, and Mr. Dimmitt regarding the discrimination and retaliation issues with Defendant. Furthermore, when the statements were made, Defendant's employees and Mr. Urruttia (union representative) had no reason to lie to Plaintiff regarding their instructions and conversations. Ms. Nixon is not claiming to have firsthand knowledge of Dr. Verrett's questionable decisions, her declaration clearly indicates what she was told in conversations with Defendant's employees and her union representative. Therefore, Defendant's objection should be overruled.

### D. Ms. Hurta's Declaration is Not Based on Hearsay

Ms. Hurta provided her declaration based on her personal knowledge and firsthand experience working for Dr. Verrett. Ms. Hurta's testimony about Dr. Verrett's statements could be used as evidence that discrimination lay at the heart of his decision to hire Ms. Tatarskaja and move Plaintiff to a different department in retaliation for her complaint of discrimination. The paragraph in question demonstrates the mindset of Dr. Verrett, the person responsible for filling the senior manager position. Ms. Hurta felt it necessary to explain that Dr. Verrett would often

---

[2] F.R.C.P 801(d)(1)(B)(i)

say things like "**we need a man**" on a certain team or "**we have too many African American women in Special Ed**" and even his attitude towards grievances filed against him. As the Fifth Circuit States, "On summary judgment . . . the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price v. Fed. Express Corp.,* 283 F.3d 715, 720 (5th Cir. 2002). Ms. Hurta's declaration depicts her firsthand experiences and comments she heard directly from Dr. Verrett's mouth. Therefore, the objection to this paragraph should be overruled.

## II. PRAYER

Plaintiff respectfully requests the court OVERRULE and DENY Defendant's Objections and Motion to Strike Certain Summary Judgment Evidence.

Respectfully Submitted,



By: _____
Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Attorney-In-Charge
Email
Alfonso.Kennard@KennardLaw.com
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: 713.742.0900
Fax: 832.558.9412
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that on March 29, 2022, a true and correct copy of Plaintiff's Sur-Reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment was filed with the Court via the Court's CM/ECF system.

                                                _____
                                                Alfonso Kennard, Jr.